IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WENDOLEN HOWARD,** | : |
| **Petitioner** | : CIVIL NO. 1:CV-11-1971 |
| v. | : (Judge Rambo) |
| **WARDEN HOLT,** | : |
| **Respondent** | : |

# **M E M O R A N D U M**

Petitioner Wendolen Holt, an inmate currently located at the Community Corrections Center in Phoenix, Arizona ("CCM Phoenix"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate placement in a Residential Re-entry Center ("RRC") pursuant to the Second Chance Act of 2007.[1] For the reasons that follow, the petition will be dismissed as moot.

---

[1] On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, was signed into law. Among its many provisions, the Act amended 18 U.S.C. § 3624(c), which now provides, in relevant part:

(c) Prerelease custody. -

(1) In general.-The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

In his petition, Petitioner asserts that he was sentenced in federal court on August 14, 2003 to a term of imprisonment of 108 months for a conviction of ex-felon in possession of a firearm. (Doc. 1 at 2.) Further, Petitioner asserts that in September 2006 he was sentenced to a term of imprisonment of 18 months for a conviction of conspiracy. (*Id*.) He does not indicate his projected release date for these sentences.

In October 2011, Petitioner was incarcerated at the United States Penitentiary at Allenwood ("USP-Allenwood") in White Deer, Pennsylvania. He commenced the instant action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 24, 2011. (Doc. 1.) In the petition, Petitioner claims that he was granted six (6) months of pre-release placement in an RRC pursuant to the Second Chance Act of 2007, to commence on October 5, 2011. (*Id*. at 2.) However, he states that six (6) days before he was to be released to an RRC, he was informed by prison officials that he was not in fact being released. (*Id*. at 3.) Therefore, as relief, Petitioner seeks an order from the court compelling Respondent to transfer him immediately to an RRC. (*Id*. at 4.)

On November 23, 2011, Respondent filed a notice of mootness notifying the court that the BOP designated Petitioner to an RRC on November 10, 2011 and released him from incarceration. (Doc. 7.) Generally, when a prisoner is challenging the BOP's execution of his sentence pursuant to a petition for writ of habeas corpus,

the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *Williams v. Sherman*, 214 F. App'x 264, 266 (3d Cir. 2007). This rule stems from the well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the United States Constitution. *Spencer*, 523 U.S. at 7. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *See, e.g.*, *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996); *see also* 13A Charles Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 3533.3 (2d ed. 1984 & 2007 Supp.) ("The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.").

Because Petitioner has been released from incarceration to an RRC, the legal injury he asserts in his petition no longer remains for this court to remedy; he no longer has the requisite "personal stake in the outcome" of the litigation. *See Spencer*, 523 U.S. at 7. Accordingly, there is no case or controversy for this court to consider, and the petition should be dismissed as moot.

An appropriate order will issue.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: December 6, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**WENDOLEN HOWARD,** :
:
    **Petitioner** : **CIVIL NO. 1:CV-11-1971**
:
**v.** : **(Judge Rambo)**
:
**WARDEN HOLT,** :
:
    **Respondent** :

## O R D E R

**AND NOW**, this 6th day of December, 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

    1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED AS MOOT**.

    2. The Clerk of Court is directed to **CLOSE** this case.

                                  s/Sylvia H. Rambo
                                  United States District Judge

.